UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0035-B |
| | § | |
| MELISSA VIOLA GARZA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Melissa Viola Garza's Motion for Compassionate Release (Doc. 54). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Garza pleaded guilty to possession with intent to distribute a controlled substance, the Court sentenced her to 210 months of imprisonment and three years of supervised release. Doc. 38, J., 1–3. Garza, who is now forty years old, is serving her sentence at Carswell Federal Medical Center (FMC). Her scheduled release date is November 9, 2033.[1] As of April 5, 2021, Carswell FMC reports zero active and 750 recovered cases of COVID-19 among its inmates.[2] On February 25, 2021, Garza

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed April 5, 2021).

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed April 5, 2021).

filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 54, Def.'s Mot., 1. The Court reviews Garza's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, '[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A. *Garza Has Not Demonstrated Proof of Exhaustion.*

Garza's request for compassionate release is denied because she has not proven that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

§ 3582(c)(1)(A).[3]

Garza alleges that she "submitted a request to the Warden and it has . . . been 30 days" since her request. Doc. 54, Def.'s Mot., 6. However, Garza does not provide any proof of her request or the warden's receipt of her request. *See generally id.* Without such evidence, Garza has not proven that she complied with the exhaustion requirement, and the Court thus **DENIES** her motion for compassionate release **WITHOUT PREJUDICE**. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

B.  *Garza Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Garza exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] In particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

self-care within the environment of a correctional facility and from which . . . she is not expected to recover." *Id.* In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). The Court does the same here and concludes that Garza has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

Garza argues that she has already contracted COVID-19 and "still suffer[s] from recurring problems . . . including, but not limited to chest pain and shortness of breath." Doc. 54, Def.'s Mot., 1. She asserts that she "is at high risk to contract [] COVID-19 again or even the deadly variant now in Texas due to the close quarters not allowing social distancing and her BMI being over 30." *Id.* These circumstances, Garza claims, warrant her release. *Id.* at 6. The Court disagrees.

First, even if Garza's circumstances warranted compassionate release, Garza fails to provide any evidence to substantiate her claims. *See generally id.* Indeed, she does not provide medical records or documentation informing the Court of her current medical conditions or of whether her ability to provide self-care within Carswell FMC is "substantially diminish[ed.]" *See* § 1B1.13(1)(A) cmt. n.1. Absent such proof, the Court cannot find that Garza's conditions constitute extraordinary and

-4-

compelling reasons for compassionate release. *See United States v. Moreno*, 2021 WL 389829, at *3 (N.D. Tex. Feb. 4, 2021) (alleged medical conditions did not "rise to the level of extraordinary and compelling" when there were "no medical records to substantiate any of the conditions" alleged); *United States. v. Isidaehomen*, 2020 WL 5801411, at *3 (N.D. Tex. Sept. 29, 2020) (same).

Second, the Court does not find that her described circumstances rise to the level of extraordinary and compelling. While the Court does not discount the severity of Garza's "recurring problems from her contraction of COVID-19[,]" Doc. 54, Def.'s Mot., 1, Garza does not adequately explain how they "substantially diminish[] [her] ability . . . to provide self-care" while she is incarcerated. *See* § 1B1.13(1)(A) cmt. n.1. She offers no explanation as to why she cannot care for herself and only explains that "[t]here is approximately one doctor to 243 inmates." Doc. 54, Def.'s Mot., 6. Even if this were true, Garza has not shown that she has been denied medical care or that she is physically unstable. *See generally id.* Therefore, Garza's alleged conditions do not warrant compassionate release. *See, e.g.*, *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021) (denying compassionate release where defendant did "not show[] that he is physically unstable or otherwise . . . unable to adequately care for himself while incarcerated").

Lastly, the Court disagrees with Garza's suggestion that the spread of COVID-19 within Carswell FMC warrants compassionate release. Doc. 54, Def.'s Mot., 5. While the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country, generalized concerns about the spread of COVID-19 within a facility do not give rise to extraordinary and compelling reasons for release. "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Carswell FMC. *United States v. Delgado*, 2020 WL

2542624, at *3 (N.D. Tex. May 19, 2020); *see United States v. Vargas*, 2020 WL 4530429, at *3 (N.D. Tex. Aug. 6, 2020). Therefore, the Court considers this circumstance as it specifically concerns Garza. As previously discussed, Garza has not shown that she is physically unstable or otherwise is unable to adequately care for herself while incarcerated. And the mere presence of COVID-19 at her facility is not an extraordinary and compelling reason for compassionate release. Because Garza fails to demonstrate extraordinary and compelling reasons for release, the Court **DENIES** her motion **WITHOUT PREJUDICE.**

C.  *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release Is Not Warranted.*

The Court also notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Due to Garza's failure to prove exhaustion of her administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). In Garza's case, the Court found 210 months of imprisonment appropriate to serve these goals. *See* Doc. 38, J., 2. With a statutory release date of November 9, 2033, approximately 151 months—or seventy-two percent—of Garza's sentence remain to be served. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). Thus, while the Court declines to foreclose compassionate release for Garza based on

§ 3553, the Court advises Garza that § 3553 could present an obstacle with respect to future compassionate-release requests.

## IV.

## CONCLUSION

Garza's request for compassionate release under § 3582(c)(1)(A) fails because she has not proven exhaustion of her administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Garza's motion (Doc. 54) **WITHOUT PREJUDICE**.

By denying Garza's motion without prejudice, the Court permits Garza to file a subsequent motion for compassionate release in the event she can both: (1) satisfy the exhaustion requirement and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: April 6, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE